**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTONYO WADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 4:09CV978 RWS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Petitioner Antonyo Wade's motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the motion will be denied.

**I.     Background**

On June 25, 2008, Wade pleaded guilty to possession with intent to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). His guilty plea was subject to a plea agreement with the United States Attorney's Office. In exchange for Wade's plea, the government agreed not to file any other charges against Wade stemming from his conduct on the day of the indictment. The undisputed factual statements in the Pre-Sentence Investigation Report are as follows:

> 8.      On December 20, 2007, detectives with the St. Louis, Missouri Metropolitan Police Department were preparing to execute a search warrant at the residence of Antonyo Wade, located at 5424 Robin, St. Louis, Missouri, as well as one at the home of his mother, Betty Wade, located at 5210 Robin. Prior to searching the defendant's home, detectives conducted an investigative stop of the defendant's vehicle. At that time, the detectives informed the defendant of the above-noted search warrants. As detectives spoke with defendant and his passenger, Jason Petty, they observed a clear plastic bag of suspected marijuana in the console of the vehicle. As a result, the defendant was placed under arrest for Violation of

Missouri Controlled Substance Law - Possession of Marijuana, and searched incident to arrest. During the search, detectives recovered a loaded 9mm semiautomatic pistol, as well as $1,550 in U.S. currency. The defendant was advised he was being additionally charged with Unlawful Use of a Weapon - Carrying a Concealed Weapon. Antonyo Wade and Petty were then conveyed to the defendant's home for execution of the search warrant.

9. During a search of the defendant's residence, detectives recovered five knoted plastic bags containing suspected cocaine base, and an electronic scale. Detectives then transported Antonyo Wade to his mother's residence at 5210 robin. There, the detectives recovered a loaded Remington Sportsman 12 gauge shotgun, a Harrington and Richards 410 single shotgun, and a Mossberg 12 gauge pistol grip shotgun. These firearms were owned by the defendant. A computer check of the weapons revealed the 410 shotgun and the Remington 12 gauge shotgun had been reported stolen. Laboratory analysis on the aforementioned substance revealed it to be 118.17 grams of cocaine base. In lieu of federal prosecution of this case, state related charges were not pursued.

In Paragraph 3(A)(1) on page five of the Plea Agreement, Wade stipulated to the recommendation that his "base offense level of 30 is found in Section 2D1.1(c)(5) based on 118 grams of cocaine base, crack." He further stipulated in paragraph 3(A)(2) that the parties recommend "that Section 2D1.1(b)(1) applies and that 2 levels should be added because the defendant possessed a firearm in connection with the possession of crack cocaine with the intent to distribute."

During the plea hearing, I reviewed the terms of the plea agreement and asked Wade a series of questions to ensure he understood the terms of the agreement. Wade represented to the Court that he had read the agreement, discussed it with his attorney, and that no promises had been made to him that were not in the plea agreement. Wade also represented that no one had threatened or forced him to plead guilty. In particular, the following exchange occurred at the plea hearing:

THE COURT: Okay. So the plea agreement, if we look at the last page, page marked 13, three signatures on this document. The middle signature purports to be your signature.

MR. WADE: Yes, sir.

THE COURT: Is that your signature, sir?

MR. WADE: Yes, sir.

THE COURT: Did you read the document before you signed it?

MR. WADE: Yes, sir.

THE COURT: Did you go over it with your lawyer?

MR. WADE: Yes, sir.

THE COURT: Did he answer all your questions?

MR. WADE: Yes, sir.

THE COURT: Do you believe you understand what's in this document?

MR. WADE: Yes, sir.

THE COURT: Everything in there true?

MR. WADE: Yes, sir.

THE COURT: Is there anything that you disagree with but just to get it over with you went ahead and signed your name?

MR. WADE: No, sir.

Wade acknowledged that he understood the rights he was relinquishing by pleading guilty. I also questioned Wade as to counsel's representation. Wade stated in court and under oath that he was satisfied with his counsel's representation and that counsel performed all tasks and investigation requested of him. At no time did Wade voice any dissatisfaction with defense counsel.

Wade was sentenced to 120 months imprisonment on September 15, 2008. Based on Wade's total offense level of 29 and Criminal History category of I, his guideline range was 87 to 108 months. However, because he pleaded guilty to the possession with intent to distribute in excess of fifty grams of cocaine base, his conviction triggered a statutory minimum term of imprisonment of 10 years pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), and Wade's guideline range became 120 months pursuant to U.S.S.G. § 5G1.1(2).

## II.     Grounds for relief

In his § 2255 motion filed on June 17, 2009, Wade alleges his counsel was constitutionally ineffective, thereby depriving his constitutional right to counsel. Specifically, Wade alleges his counsel:

(1) misled Wade as to the nature of the plea agreement and the availability of the safety-valve sentence reduction.

(2) pressured Wade into signing the plea agreement;

(3) failed to challenge the two-point enhancement for possession of a weapon during the drug offense;

(4) failed to argue that, in light of the sentencing disparity between crack cocaine and powder cocaine, the court should use its discretion to sentence Wade pursuant to the sentencing guidelines for possession of powder cocaine; and

(5) failed to file pretrial motions to suppress evidence.

## III.    Analysis

*A.     An Evidentiary Hearing is not Warranted*

Wade has filed a request for an evidentiary hearing. Generally , 28 U.S.C. § 2255 entitles

movants to a hearing on the merits of their petition. However, an evidentiary hearing need not be held if Wade's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). A court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994). Because I find that Wade's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing is necessary.

B.      *Ineffective Assistance of Counsel*

To state a claim for ineffective assistance of counsel, Wade must prove two elements. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, Wade "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994). In the context of a guilty plea, this means the defendant

must establish that "there is a reasonable probability that, but for counsels errors, he would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Where a defendant raises multiple claims of ineffective assistance, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 385, 692-693 (8th Cir. 2002).

In his motion, Wade alleges that his "attorney misled him in his plea agreement by telling him that he was not going to be charged with a firearm … [and] he certainly would not have entered into a plea agreement with the government had he known that he would have been charged with a firearm." Wade also alleges that his attorney pressured him into signing the plea agreement.

His first allegation, that counsel was deficient because he misled Wade by telling him that he would not be charged with possession of a firearm, is refuted by the record. Wade was not charged with possession of a firearm. In the Plea Agreement and at the change of plea hearing, Wade admitted that he agreed that two levels should be added to his offense level because possessed a firearm in connection with the cocaine base charge. However, he was not charged with possession of a firearm.

Wade's second allegation, that his attorney pressured him into signing the plea agreement, is refuted by his own testimony. Throughout the course of Wade's plea and sentencing, I asked Wade under oath whether he was satisfied with counsel and whether there was anything he wanted counsel to do that counsel did not do. Wade indicated that he was satisfied with the representation and that there was nothing he wanted counsel to do that counsel did not do. I asked numerous questions regarding Wade's understanding of the plea agreement

and asked whether there was anything that he did not understand. I provided Wade with several opportunities to voice questions or concerns with respect to the proceedings. Wade represented that he read and understood the plea agreement. Wade was presented with ample opportunities to raise in Court an allegation that he was being pressured to enter a plea. He never made such a claim at any time prior to the present motion to vacate.

      Additionally, Wade claims that his counsel "rendered ineffective assistance for failing to challenge the two-point enhancement for possession of a weapon during drug possession offense." Wade alleges that had his attorney challenged the enhancement, he "would have qualified for the safety valve." Counsel could not have challenged the enhancement without violating the terms of the plea agreement. The agreement recommends a two-point enhancement for possession of a firearm under U.S.S.G. § 2d1.1(b)(1). The agreement provides that each party "has the right … to hold the other party to the recommendations at the time of sentencing." In exchange for agreeing to allow this enhancement, as well as other concessions, the government waived its right to bring certain other charges against Wade. During the sentencing hearing, Wade's attorney stated that he "was not able to get [Wade] below the statutory minimum, and he understands that, and it looks like he is stuck in that range. His particular safety valve wasn't applicable in this case unfortunately." During his plea hearing, Wade stated that he understood the crime he was pleading to carried a statutory minimum of 120 months. Wade also indicated that he understood that if the sentencing proceeding resulted in a longer sentence than expected, that would not be reason to seek relief. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceed, the defendant's representations during the plea carry a strong presumption of verity and pose a 'formidable

barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). It is Wade's heavy burden to overcome those statements. See Nguyen, 114 F.3d at 703.

Here, Wade has not met this burden. He fails to offer any credible reasons to believe his statements during the plea hearing were false. Because Wade understood the crime he was pleading guilty to carried a mandatory minimum sentence of 120 months, and understood that if the sentencing hearing resulted in a longer sentence than he had hoped for, it was not a basis for post-conviction relief, Wade cannot establish that he was prejudiced by his counsel's alleged failure to tell him he may not qualify for safety-valve relief.

Wade also asserts his attorney was constitutionally ineffective because he told Wade the crime he was charged with carried a mandatory minimum sentence of ten years, but "that he would not do all the time, and they would not give him all the time." This claim is also refuted by the record. During the plea hearing Wade stated that no promises were made to him other than those in the plea agreement. And, as the record shows, Wade understood the terms of the plea agreement. In the absence of any basis to find Wade's statements during his plea hearing were untrue, I accept them as fact. Because this claim is refuted by the record, it fails.

Moreover, even if his counsel did tell Wade that he may not serve a full 120 month, this advice is not deficient as it is an accurate statement of current federal law. Wade may serve less than his 120 month sentence either due to "good time" credit, see 18 U.S.C. § 3624(b), or due to participation in the Residential Drug Abuse Treatment Program. See 18 U.S.C. § 3621 (e)(2)(B). Wade has stated his intent to participate in the Residential Drug Abuse Treatment Program, (*See* Antonyo Wade, Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), 20), and

during Wade's sentencing hearing I recommended Wade be evaluated for participation in this program. Because counsel's alleged statement to Wade that he may not serve the entire term is an accurate statement of federal law, I find this statement was not unreasonable and therefore not deficient.

Wade further claims that counsel failed to argue that, in light of the sentencing disparity between crack cocaine and powder cocaine, the Court should use its discretion to sentence him pursuant to the sentencing guidelines for possession of powder cocaine. Such a position would be fruitless because Wade's plea carried with it a mandatory minimum, and while the Sentencing Guidelines give the Court leeway to give consideration to disparities in sentencing, the Sentencing Commission cannot change the mandatory minimum sentences set by Congress. Even had counsel raised the argument put forth by Wade, I lacked the authority to give Wade a lesser sentence.

Wade's final claims are that counsel was ineffective for failing to challenge the validity of the search warrant and failing to move to assert a Fourth Amendment violation over the police's investigatory stop of Wade's vehicle just after he left his house just prior to the execution of the search warrant.

I note that Wade's plea agreement did not bar him from directly challenging the validity of the search warrant and the investigative stop of Wade's car on direct appeal. Wade did not file a direct appeal. Even if he had he asserted these claims on direct appeal he would not have been entitled to relief because "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the

guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Wade instead seeks to challenge the warrant and his seizure through a collateral attack of his sentence through an ineffective assistance of counsel claim.

The record in Wade's underlying criminal case shows that on March 27, 2008, Wade's counsel filed a motion for an extension of time to file pretrial motions because counsel needed to obtain the search warrant and affidavits in order to review them with Wade. On March 28, 2010, the Court ordered the search warrant and affidavit to be produced forthwith. On April 1, 2007, the United States Attorney's office filed a notice that these documents had been produced to Wade. On April 3, 2008, Wade's counsel filed a waiver of pretrial motions which states that Wade has been fully advised by his attorney of his right to file and have a hearing on his pretrial motions but waives those rights. Most tellingly, a memorandum to the Court, dated April 10, 2008, states that Wade's counsel has decided it was in Wade's best interest not to file pretrial motions. The memorandum further states that Wade has discussed the matters that could be raised in pretrial motions, "understands the reasons for the determination not to file" them, and agrees it is in his best interest to waive pretrial motions. The memorandum is signed by both Wade and his counsel. It also contains United States Magistrate Judge Marry Ann Medler's determination that Wade's waiver was knowingly and voluntarily made.

This record combined with Wade's responses to my questions at the plea hearing demonstrates that Wade discussed raising pretrial motions with his counsel and elected not to file them. Such a record defeats Wade's claim that his counsel was ineffective for failing to file pretrial motions challenging the search warrant and the investigatory stop of Wade immediately prior to the search of his residence. This was a strategic decision knowingly made and agreed to

by Wade.

Moreover, counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994). Wade challenges the search warrant and affidavit with conclusory assertions that the warrant is not supported by probable cause. Wade has not provided a copy of the warrant or affidavits. Moreover, his conclusory assertions do not undermine the validity of the warrant. As an example, Wade asserts that the affidavit in support of the warrant is invalid because it relies on hearsay and unreliable information provided by a confidential informant. (Pet. at 13 Ground Four). However an affiant may rely on hearsay and upon information received from informants as long as a substantial basis for crediting such information is presented to the magistrate. Illinois v. Gates, 462 U.S. 213, 242 (1983).

Similarly Wade's claim that the police impermissibly stopped him is without merit. Wade asserts that police officers observed Wade leaving his house and get into a vehicle while other officers were on the way to Wade's house with the search warrant. (Pet. at 17 Ground 5) The record reflects that the officers performed an investigatory stop of the vehicle just prior to the execution of the warrant. Police in such circumstances are permitted to make an investigatory stop. United States v. Martinez-Cortes 566 F.3d 767, 770 (8th Cir. 2009) (performing an investigatory stop of a vehicle leaving a house that is shortly to be search under a warrant does not violate the Fourth Amendment)(citing Michigan v. Summers, 452 U.S. 692, 705 (1981)).

Based on the foregoing, I find that Wade has not provided a sufficient basis to conclude that his counsel was constitutionally ineffective for failing to challenge the warrant and the

investigatory stop in pretrial motions.

## IV. Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. Based on the record, and the law discussed herein, I find Wade has not made such a showing.

Accordingly,

**IT IS HEREBY ORDERED that** the motions of Antonyo Wade to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 are **DENIED**.

**IT IS FURTHER ORDERED that** the motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED that** any other pending motions are denied as moot.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability, as Wade has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2010.